**Patrick MULLEN, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 116–86C.**

United States Claims Court.

Feb. 23, 1990.

Kevin A. Rosenberg, Washington, D.C., for plaintiff.

John S. Groat, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, Director, Thomas W. Peterson, Asst. Director, Washington, D.C., for defendant.

## ORDER

SMITH, Chief Judge.

In an opinion issued on August 4, 1989, the court ruled that it had jurisdiction to review a decision of the Army Board for Correction of Military Records (Board). This decision had refused to consider, on the ground of untimely filing, plaintiff's claim that he should be placed on the tem-porary disability retirement list retroactive to September 8, 1970. The court then gave Mr. Mullen the opportunity to file a supplemental brief on two issues: (1) whether plaintiff was afflicted with post-traumatic stress disorder (PTSD) at the time of his discharge from the U.S. Army in 1970; and (2) whether the recognition of PTSD in the late 1970s, and the fact that plaintiff was diagnosed to have the illness in 1981, were sufficient reasons for the Board to waive the three-year limit for filing applications for correction of military records. *See* 10 U.S.C. § 1552(b) (1982) (Board empowered to waive three-year limitation period "in the interest of justice").

After reviewing plaintiff's supplemental brief, and defendant's opposition thereto, the court concludes that the Board abused its discretion in refusing to waive the three-year limitation period. Based upon the evaluation of Richard A. Ratner, M.D., a forensic psychiatrist, and other evidence before the court, the court is convinced that Mr. Mullen in all likelihood has been suffering from PTSD since the early 1970s. While the determination of whether Mr. Mullen in fact suffered from PTSD during the 1970s is for the Board, there is sufficient reason to believe that Mr. Mullen may have suffered from PTSD, prior to the time he filed his application for correction of his records, that the Board should have waived the three-year time limit in the interests of justice.

Alternatively, it appears that Mr. Mullen's application was timely. Under section 1552(b) a claimant must file his request for a correction of records within three years of discovering the error. Although Mr. Mullen experienced depression and related psychopathological symptoms throughout the 1970s, it was not until 1981 that he was told by a physician that he suffered from PTSD. Thus, it was not until 1981 that Mr. Mullen discovered that his honorable discharge in 1970 was in error; Mr. Mullen's April 13, 1982 application fell within the three-year limit.

In light of the foregoing and pursuant to RUSCC 60.1(a), this matter is remanded to the Army Board for Correction of Military

Records, for a period not to exceed six months, for consideration of the merits of Mr. Mullen's application. Counsel shall file a joint status report at the end of six months, or, if the Board issues a decision before the end of the remand period, no later than ten days from the issuance of such decision.